988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas BOWATER; Joseph T. Raponi; Thomas E. Beck,
Plaintiffs-Appellants,
v.
CITY OF POMONA; Chaim Magnum, Defendants-Appellees.
 No. 91-55650.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-90-3825-ER; Edward Rafeedie, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED AND REMANDED.
 Before WALLACE, Chief Judge, and SNEED and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Bowater and Raponi appeal from an order of the district court which imposed attorney's fees upon them pursuant to Rule 11 of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988. They also raise several arguments regarding the entry of summary judgment against them, but we do not have jurisdiction to consider those arguments. We have jurisdiction over the appeal of the order imposing fees pursuant to 28 U.S.C. § 1291. We affirm that order. We also award to Magnum attorney's fees and costs incurred in defending against this appeal.
 
 
 2
 In addition to appealing the award of fees, Bowater and Raponi also contend that the district court erred in (1) denying their motion under Federal Rule of Civil Procedure 56(f), (2) denying them leave to amend their complaint, and (3) entering summary judgment in favor of the defendant Magnum. The district court disposed of all three issues when it entered summary judgment on February 7, 1991. Bowater and Raponi first filed a notice of appeal on April 18, 1991. That notice and the amended notice referred to the district court's April 3 order dismissing Magnum and awarding fees. But the April 3 order did not dismiss Magnum--it only granted fees. It was the February 7 order that granted summary judgment and thereby dismissed Magnum. Even if the February 7 order were appealable, the April 18, 1991, notice was well beyond the 30-day time limit prescribed by Rule 4(a)(1) of the Federal Rules of Appellate Procedure. That time limit is jurisdictional. See Beaudry Motor Co. v. Abko Properties, Inc. 780 F.2d 751, 753-54 (9th Cir.), cert. denied, 479 U.S. 825 (1986). No notice of appeal from the summary judgment in favor of Magnum has been called to our attention.
 
 
 3
 Bowater's appeal of the order imposing attorney's fees is properly before us, as that order was filed on April 3, 1991. The district court in that order awarded attorney's fees to Magnum pursuant to 42 U.S.C. § 1988 and Rule 11. An award of attorney's fees under either section 1988 or Rule 11 is reviewed for abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (Cooter & Gell ) (Rule 11); Elks Nat'l Found. v. Weber, 942 F.2d 1480, 1485 (9th Cir.1991) (section 1988), cert. denied, 112 S.Ct. 2995 (1992).
 
 
 4
 The standard for awarding fees to a prevailing defendant under section 1988 is also similar to the standard for awarding attorney's fees as a sanction pursuant to Rule 11. An award of fees to a prevailing defendant under section 1988 is only appropriate when the action brought is "unreasonable, frivolous, meritless, or vexatious." Patton v. County of Kings, 857 F.2d 1379, 1381 (9th Cir.1988) (Patton ), quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Similarly, Rule 11 requires that sanctions be imposed on the signer of a paper "if either (a) the paper is filed for an improper purpose, or (b) the paper is 'frivolous.' " Townsend v. Holman Consulting Corp., 914 F.2d 1136, 1140 (9th Cir.1990) (en banc), modified on other grounds, 929 F.2d 1358 (9th Cir.1991) (Townsend ).
 
 
 5
 The district court found that Bowater and Raponi's action was frivolous because it was not supported by any factual allegations or proof. Indeed, the court found that "not a single factual allegation was made in support of plaintiffs' complaint, nor was there a single declaration or affidavit filed in connection with plaintiffs' opposition to defendant's motion for summary judgment." The court also found that Bowater and Raponi's suit was vexatious and filed for an improper purpose: to seek revenge against Magnum for reporting Raponi's noisy activity to the police.
 
 
 6
 Bowater and Raponi point to no evidence that calls the district court's findings into question. On the contrary, they admit in their brief that the court's finding that their complaint was unsupported by even a single factual allegation "was nearly true of the First Cause of Action." They also admit that they did not file a single affidavit or declaration in opposition to Magnum's summary judgment motion. They argue instead that the district court should have given them time to obtain affidavits or leave to amend their first complaint. As already discussed, however, this issue is not before us.
 
 
 7
 It is thus clear that the district court did not abuse its discretion in awarding Magnum attorney's fees, under either Rule 11 or section 1988. The action instituted by Bowater and Raponi against Magnum appears by all indications to have been frivolous and motivated by an improper purpose. See Townsend, 914 F.2d at 1140-43; Patton, 857 F.2d at 1381.
 
 
 8
 Magnum requests that we award him attorney's fees incurred in defending against this appeal. We have discretion to do so under section 1988, and the standard governing our discretion is the same as that governing the district court. See United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 647 (9th Cir.), cert. denied, 479 U.S. 1009 (1986). Thus, we will award attorney's fees on appeal if we find that the appeal was "frivolous" or "unreasonable." Id. We also have discretion to award costs and damages under Rule 38 of the Federal Rules of Appellate Procedure, which provides that we may "award just damages and single or double costs to the appellee" if we find that an appeal is "frivolous."
 
 
 9
 We award Magnum attorney's fees and costs incurred in defending against this appeal, as it certainly was a frivolous one. First, Bowater and Raponi devote a substantial portion of their brief to discussing issues that are not properly before us. Second, as to the issue that was before us, even Bowater and Raponi recognize that the record established before the district court was devoid of any factual support for their claim that Magnum conspired with the police to deprive them of their constitutional rights. They also should have recognized that the record on this appeal would not be any different, particularly because the summary judgment against them is not before us. Thus, just as it was frivolous to lodge a complaint without even a modicum of factual support, so too was it frivolous to bring an appeal based on the same bare record. See Cooter & Gell, 496 U.S. at 407 ("because the district court has broad discretion to impose Rule 11 sanctions, appeals of such sanctions may frequently be frivolous").
 
 
 10
 The April 3, 1991, order of the district court is affirmed. Attorney's fees and costs on appeal are awarded to Magnum. The case is remanded to the district court to set attorney's fees.
 
 
 11
 AFFIRMED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4