45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Thomas BOWATER; Joseph L. Raponi, Plaintiffs-Appellants,
v.
CITY OF POMONA; Robert E. Baker; Chaim Magnum, Defendants-Appellees.
 No. 93-55889.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1994.
Decided Dec. 28, 1994.
 
 Before: BROWNING, and GOODWIN, Circuit Judges, and QUACKENBUSH,* District Judge.
 MEMORANDUM**
 I.
 Plaintiffs' appeal of the summary judgment in favor of Magnum is timely. Because the district court did not make the "express determination that there is no just reason for delay" required by Fed.R.App.P. 54(b), see Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985); Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir.1981), the thirty-day period for appeal did not begin to run until final judgment was entered as to all parties on all claims. Fed.R.App.P. 4(a)(1).
 II.
 The district court abused its discretion by granting summary judgment in favor of Magnum without allowing plaintiffs further discovery. In their opposition to Magnum's motion to dismiss or, in the alternative, for summary judgment, plaintiffs cited Rule 56(f) and stated they were "unable to refute Magnum's [statements] because no discovery has been conducted in the case."[1] This was "sufficient to raise in the lower court the issue whether [plaintiffs were] entitled to additional discovery" before the court considered Magnum's motion for summary judgment. Program Engineering v. Triangle Publications, 634 F.2d 1188, 1193 (9th Cir.1980). Further, in contrast to Program Engineering, plaintiffs here "explain[ed] what further discovery would reveal," Id. at 1194, namely, "that Magnum's discussions with the officers, Pomona Police Department and the District Attorney's Office were calculated to promote a criminal prosecution he knew to be meritless."
 III.
 The district court abused its discretion by sanctioning plaintiffs, and this court erred by awarding Magnum attorney's fees. We are not bound by our prior ruling under the "law of the case" doctrine. Because we now hold that summary judgment was improper--an issue that was not before the prior panel of this court, see Bowater v. City of Pomona, No. 91-55650, 1993 WL 33867, at * 1 (9th Cir. February 11, 1993)--allowing our prior ruling to stand would result in a manifest injustice. See Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.1993).
 The court erred by finding plaintiffs' claims to be without factual support and thus frivolous when the court itself improperly denied plaintiffs additional time for discovery. Furthermore, despite the court's finding that plaintiffs filed the complaint as "an act of spite," sanctions are not proper where a complaint is determined to be non-frivolous. See Greenberg v. Sala, 822 F.2d 882, 885 (9th Cir.1987).
 IV.
 The district court erred in holding that Baker was entitled to qualified immunity. The disputed factual issues underlying the immunity determination--whether Baker saw Raponi drinking beer and whether Bowater physically blocked Mrs. Raponi from communicating with Baker--must be resolved by a jury. See Alexander v. City and County of San Francisco, 29 F.3d 1355, 1364 (9th Cir.1994).
 This court's prior order awarding attorney's fees on appeal to Magnum is VACATED, and the case is REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Justin L. Quackenbush, Chief Judge, United States District Court for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plaintiffs served their complaint on Magnum on November 8, 1990. Under Federal Rule of Civil Procedure 30(a)(1), as then existing, plaintiffs were precluded from taking any depositions until after December 8, 1990, without leave of court. Magnum served his motion for summary judgment on December 14, 1990. No discovery had been conducted by that date