Tawnya Deanne **DEHERTOGHE**; Derek Thomas Anthony Dehertoghe; Nicole Dehertoghe, by and through their Guardian Ad Litem, Stacie Ann Dehertoghe; Stacie Ann Dehertoghe, Individually and as the Successor in Interest to the Estate of Dana Richard Dehertoghe, Plaintiffs—Appellants,

v.

**CITY OF HEMET**; Chris Gigandet; Gordon Champagne; Max Beamesderfer, Hemet Police Officers, Defendants—Appellees.

No. 01–55928.

D.C. No. CV–00–06629–MLR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Dec. 2, 2003.

Andrew I. Roth, Roth & Roth, LLP, Riverside, CA, for Plaintiffs–Appellants.

Elizabeth Feffer, Burke, Williams & Sorensen, Los Angeles, CA, for Defendants–Appellees.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Stacie Ann Dehertoghe and her three children (collectively, Dehertoghe) appeal the district court's summary judgment in favor of the City of Hemet and officers Chris Gigandet, Gordon Champagne, and Max Beamesderfer in her action under 42 U.S.C. § 1983. We affirm in most respects, but we vacate, reverse, and remand the district court's award of attorney's fees.

### I

As qualified immunity for Gigandet is at issue, we must first determine whether there was a constitutional violation. *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

█ "Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Tennessee v. Garner,* 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (determining whether force used was excessive by evaluating "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight"). Assuming all controverted facts in Dehertoghe's favor (including that Gigandet was standing at the time he fired the shot), it is undisputed that Dana Dehertoghe and Nathan Belton were belligerent, that they assaulted Gigandet and officer Wayman, that Dana Dehertoghe administered a hard blow on the back of the neck which gave Gigandet at least a mild concussion, and that Gigandet, who carried a firearm, was losing the fight. In these circumstances, it was not unreasonable for the officer to perceive a significant risk of serious injury or death, and to use deadly force. *Billington v.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Smith,* 292 F.3d 1177, 1184–85 (9th Cir. 2002). *Haugen v. Brosseau,* 339 F.3d 857 (9th Cir.2003), does not suggest otherwise for in that case, there was no such threat. Accordingly, the Fourth Amendment was not violated.

Because there was no violation of Dana Dehertoghe's constitutional rights, there is no need to proceed further with the qualified immunity inquiry. *Saucier,* 533 U.S. at 201.

## II

As no constitutional violation occurred, there can be no injury on account of any city policy to treat police officers as victims, or to investigate instances of police violence inadequately. *See, e.g., City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (observing that the first inquiry in municipal liability cases is whether there is a direct causal link between a policy or custom and the alleged constitutional deprivation).

## III

■ Dehertoghe contends that Champagne was not entitled to qualified immunity because probable cause was lacking to arrest her for being under the influence of a controlled substance. Again, under *Saucier,* we first consider whether there was a constitutional violation.

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & County of San Francisco,* 266 F.3d 959, 964 (9th Cir.2001). Whether there is probable cause depends on "whether at that moment the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man

in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Stacie told Champagne that she had taken Metabolite, but there is a dispute about what else she told him. Assuming that she did not say that she had used methamphetamine or that there was paraphernalia in the room, it is uncontroverted that Champagne conducted a number of tests on Stacie which led him to conclude, based on the results and his experience, that she was under the influence of a controlled substance even taking into account the fact that she had been drinking alcohol and had witnessed traumatic events. This gave Champagne probable cause for the arrest.

Because there was no constitutional violation, there is no need to proceed further with the qualified immunity inquiry.

## IV

Dehertoghe offers no argument for reversing summary judgment against Beamesderfer. Summary judgment for Beamesderfer is affirmed.

## V

### A

■ The district court awarded attorney's fees to the City and the officers without stating any reasons, either for the award or the amount of the award. While the prevailing party in a suit under § 1983 may recover attorney's fees under 42 U.S.C. § 1988(b), a defendant in a § 1983 suit should be awarded attorney's fees only when the action is "unreasonable, frivolous, meritless, or vexatious." *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994) (internal quotation omitted). Derhertoghe argues that there was no basis at all upon which to award attorney's fees to the City, Gigandet and Champagne;

the City, Gigandet and Champagne defend the award as within the district court's discretion and point out that their alternative request for apportionment of fees for one defendant against whom no claim was pursued, and for one cause of action that was asserted without foundation, supports the judgment.

Naming one party or pleading one claim without any basis may well support an assessment of fees. However, the district court did not say that this was so in this case. We have no way of determining the extent to which the court's ruling may have been based on an arguably permissible ground, or was instead based on grounds that are impermissible when the prevailing party is a defendant. *See, e.g., Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). A reasoned decision when fees are awarded serves the interests both of fairness to the parties, and to the administration of justice. Appellate review is rendered difficult, if not impossible, when *no* reasons are given. Accordingly, we vacate the award, and reverse and remand for a new determination of whether attorney's fees should be awarded based on the controlling standard for awards to defendants in § 1983 actions. If the court determines that fees should be awarded as to any claim or party, then it must provide a statement of reasons.

Similarly, the amount of the attorney's fees awarded (if any) must be calculated in conformity with this circuit's lodestar/multiplier analysis. *See, e.g., Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir.2000). If the court on remand determines that any fees are to be awarded, then it must fix the amount as *Van Gerwen* directs, and provide a "concise but clear explanation of its reasons." *Id.* at 1047 (internal quotation omitted).

## B

Dehertoghe contends that costs should not have been awarded because summary judgment should not have been granted. As we have held otherwise, the cost award itself was not improper and we cannot say that the district court abused its discretion in setting the amount. Fed.R.Civ.P. 54(d)(1); *Chavez v. Tempe Union High Sch. Dist. No. 213*, 565 F.2d 1087, 1095 (9th Cir.1977).

The parties shall bear their own costs on appeal.

AFFIRMED IN PART; VACATED, REVERSED AND REMANDED IN PART.