Tawnya Deanne **DEHERTOGHE**, by and through her Guardian Ad Litem, Stacie Ann Dehertoghe; Derek Thomas Anthony Dehertoghe, by and through his Guardian Ad Litem, Stacie Ann Dehertoghe; Nicole Dehertoghe, by and through her Guardian Ad Litem, Stacie Ann Dehertoghe; Stacie Ann Dehertoghe, individually and as the Successor in Interest to the Estate of Dana Richard Dehertoghe, Plaintiffs—Appellants,

v.

**CITY OF HEMET**; Chris Gigandet, Hemet Police Officer; G. Champagne, Hemet Police Officer; Max Beamesderfer, Defendants—Appellees.

No. 04–55533.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 19, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andrew I. Roth, Esq., Roth & Roth, LLP, Riverside, CA, for Plaintiffs-Appellants.

Elizabeth R. Feffer, Burke Williams & Sorensen, LLP, Los Angeles, CA, for Defendants-Appellees.

Before: BEEZER, HALL, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Plaintiff–Appellants Dehertoghe appeal the district court's award, on remand, of attorney's fees to Appellee–Defendants City of Hemet and certain individual police officers, pursuant to 42 U.S.C. § 1988. We vacate, reverse, and remand with instructions that the case be assigned to a different district judge.

On a prior appeal, *Dehertoghe v. City of Hemet*, 82 Fed.Appx. 577 (9th Cir. 2003), we held that if the district court found on remand that Appellee–Defendants were entitled to attorney's fees, it must provide a statement of reasons for that award in conformity with the standard under 42 U.S.C. § 1988, and that any award must be calculated in conformity with this circuit's lodestar/multiplier analysis. The district court ignored the previous directive of this court on remand and once again abused its discretion in awarding Appellee–Defendants attorney's fees.

Under § 1988, a prevailing defendant in a § 1983 action can be awarded attorney's fees only if "the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citations omitted). In this case, the district court abused its discretion by failing to give any reasons or explanation for its award of attorney's fees to Appellee–Defendants. *See Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir.1988). Moreover, the district court abused its discretion by failing to calculate the amount of attorney's fees awarded in conformity with the lodestar/multiplier ap-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

proach used in this circuit. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir.2000); *Patton*, 857 F.2d at 1382.

We have the power to order a case on remand to be assigned to a different district judge only under "unusual circumstances." *United States v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 780 (9th Cir. 1986). We find unusual circumstances here and order that the case be reassigned on remand because the original district judge has ignored our previous directive.

On remand, the new district judge must determine whether Appellee–Defendants are entitled to attorney's fees employing the proper standard under § 1988, and if so, must calculate the award of attorney's fees using the lodestar/multiplier approach and must give a statement of reasons for the award.

**VACATED, REVERSED, and REMANDED with instructions.**