857 F.2d 1379
 Joel E. PATTON, Plaintiff-Appellant,
v.
The COUNTY OF KINGS; Robert Maline; Roland Gonsalves;
Larry Donaldson; Tim Buckley; William E. Allen; Eugene M.
Avila; Thomas E. Dowd; Curtis C. Gelton; Caspar L.
Garcia; Evelyn Hetjonk; Thomas E. King; Doris O. Lotton;
Renee M. True; Ward L. Williams; Dora Cardona; Michael S.
Grahan; Evelyn A. Lowe; Arlene Steele; Louis Killian;
Betsy A. Hansen; Alice June Kessler; Jenevee E. Nicholes;
Joan L. Bullock, Defendants-Appellees.
 No. 87-2871.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 5, 1988.
Decided Sept. 30, 1988.
 
 Benjamin L. Ratliff, Fresno, Cal., for defendants-appellees.
 Irving Berger, Long Beach, Cal., for plaintiff-appellant.
 Appeal from the United States District Court for the Eastern District of California.
 Before KOELSCH, FARRIS and WIGGINS, Circuit Judges.
 FARRIS, Circuit Judge:
 
 
 1
 On June 26, 1984 the Kings County Grand Jury began an investigation into the alleged misconduct of Joel Patton, the Corcoran Chief of Police. On April 23, 1985, the law committee of the Grand Jury issued an interim report, and on June 26, 1985 an accusation for removal from office was filed. Eighteen counts of misconduct were alleged.
 
 
 2
 On July 13, 1985, Patton moved to dismiss the accusation. Both sides stipulated to dismissal without prejudice to a possible refiling after investigation by the Attorney General. The court granted the motion.
 
 
 3
 Three months later, Patton brought action under 42 U.S.C. Sec. 1983 against the County, the Grand Jury, the deputy district attorney, the county clerk, and the judge, alleging (1) that certain procedural irregularities had occurred during the investigation and filing of the accusation, (2) that the investigation was undertaken as a result of a conspiracy among the defendants; and (3) that the investigation had been libelous and defamatory and had subjected Patton to grave emotional distress. Further, Patton claimed that the investigation deprived him of certain constitutional rights including the right to live untainted by the allegations of misconduct contained in the dismissed accusation.
 
 
 4
 Defendants moved for summary judgment on January 26, 1987 arguing that Patton failed to allege the deprivation of a property or liberty interest, and therefore, failed to state a claim under 42 U.S.C. Sec. 1983; and that all of the defendants were immune from suit. In response, Patton alleged for the first time that the investigation was instituted in retaliation for the exercise of his first amendment right to free speech.
 
 
 5
 The court instructed Patton and his counsel regarding the defects in his cause of action and gave him an opportunity to amend before granting summary judgment based on the fact that Patton had failed to allege the deprivation of a liberty or property interest. It then granted defendants' motion for attorney's fees finding that Patton's action was groundless.
 
 
 6
 Patton appeals only the court's order granting defendants' motion for attorney's fees and the amount of the award. He argues (1) that the district court erred because it failed to make sufficient findings regarding its conclusion that his action was groundless, and that his action, in fact, was not groundless; and (2) that the district court erred because it failed to indicate that it had considered certain mandatory factors in calculating the amount of attorney's fees, and failed to consider his ability to pay the fee award.
 
 STANDARD OF REVIEW
 
 7
 Awards of attorney fees pursuant to 42 U.S.C. Sec. 1988 are generally reviewed for an abuse of discretion. See Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). However, this discretion has been narrowly construed and is circumscribed by the decisions of the Supreme Court and this circuit. Jordan v. Multnomah County, 815 F.2d 1258, 1261 (9th Cir.1987). Further, "any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable de novo." Hall v. Bolger, 768 F.2d 1148, 1150 (9th Cir.1985).DISCUSSION
 
 I.
 
 8
 The mere fact that a defendant prevails does not automatically support an award of fees. Coverdell v. Dept. of Social & Health Services, 834 F.2d 758, 770 (9th Cir.1987). A prevailing civil rights defendant should be awarded attorney's fees "not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (citation omitted) (applying standard to prevailing defendant in Title VII case); Hughes v. Rowe, 449 U.S. 5, 14-16, 101 S.Ct. 173, 178-79, 66 L.Ed.2d 163 (1980) (applying Christiansburg standard to prevailing defendant in 42 U.S.C. Sec. 1988). In awarding attorney's fees to a prevailing defendant, the district court should make findings of fact and conclusions of law supporting its decision so that there is a basis for appellate review. Cohn v. Papke, 655 F.2d 191, 195 n. 3 (9th Cir.1981); accord Munson v. Friske, 754 F.2d 683, 697 (7th Cir.1985); White v. South Park Indep. School Dist., 693 F.2d 1163, 1170 (5th Cir.1982).
 
 
 9
 In granting attorney's fees to the defendants, the court relied on a quotation from Sherman v. Babbitt, 772 F.2d 1476, 1478 (9th Cir.1985): "A court has discretion to award attorney's fees to the prevailing defendant in a civil rights suit if the action is groundless or without foundation." The court's reliance on this quotation indicates its conclusion that Patton's claims were frivolous. However, the court failed to make any findings of fact or conclusions of law detailing its decision. The court's conclusory finding is not the detailed explanation which circuit courts require for effective review. Ordinarily, a district court's failure to provide any explanation regarding its conclusion that plaintiff's suit is frivolous necessitates remand. However, when a court does not enter a specific finding of fact or conclusion of law, we will uphold the result if there is a reasonable view of the record to support it. See United States v. Twine, 853 F.2d 676, 681 (9th Cir.1988); United States v. Most, 789 F.2d 1411, 1417 (9th Cir.1986).
 
 
 10
 Patton argues that his claims are not "unreasonable, frivolous, meritless, or vexatious." Christiansburg Garment Co., 434 U.S. at 421, 98 S.Ct. at 700. He contends that his complaint stated a valid Sec. 1983 claim under two separate theories: 1) the defendants' conduct was designed to retaliate against him for exercising his rights to free speech under the first amendment; and 2) the defendants conspired to humiliate and defame him through the misuse of the state's procedures for the removal of public officials from office and that as a consequence he was denied due process.
 
 
 11
 The first amendment argument was raised for the first time in response to the defendants' motion for summary judgment. Nothing in his complaint can be liberally construed to include such an allegation. However, even if the argument had been included, his complaint would still have been frivolous. Patton raises the first amendment argument in an obvious attempt to avoid the constricture of Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), that damage to reputation is not actionable under Sec. 1983 unless it is accompanied by "some more tangible interests." Id. at 701, 96 S.Ct. at 1161. In Havas v. Thornton, 609 F.2d 372 (9th Cir.1979), we construed Paul, 424 U.S. 693, 96 S.Ct. 1155, and Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), as making inactionable under the fourteenth amendment any suit based on defamation by a government official that is unrelated to a refusal to rehire. Havas, 609 F.2d at 375. Patton's suit is not related to any lost employment. In fact, he did not lose a day's work due to the accusations against him.
 
 
 12
 Patton's argument that defendants attempted to defame him through the misuse of state procedures and that as a result he was denied due process also misses the mark. Patton provides no authority to support his claim. The district court found none and neither do we.
 
 
 13
 The record demonstrates that the accusation was promptly dismissed by the state court under procedures designed to prevent the necessity of answering defective grand jury accusations. Patton successfully availed himself of the state's procedural safeguards. He was not denied due process.
 
 
 14
 Our careful review of the record and well established Supreme Court and Ninth Circuit authority regarding claims for defamation under 42 U.S.C. Sec. 1983, satisfies us that the district court could properly find that Patton's defamation claim was groundless. We therefore need not remand for more specific findings on this issue.
 
 II.
 
 15
 Patton argues that the district court abused its discretion in calculating its attorney's fee award. He argues that it failed to provide any explanation regarding how it arrived at the reasonableness of the figure, and failed to consider his ability to pay the amount awarded.
 
 
 16
 In Jordan v. Multnomah County, 815 F.2d 1258, 1261 (9th Cir.1987), we emphasized the importance of a clear explanation from the district court regarding the basis for its calculation of attorney's fees. This explanation should begin with a calculation of the "lodestar" amount by determining, and then multiplying, the number of hours reasonably expended on the litigation by a reasonable hourly rate. Id. at 1262. A strong presumption exists that the lodestar figure is the reasonable fee. Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 621 (9th Cir.1987). However, the district court may adjust the lodestar figure based on a consideration of some of the factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), which we adopted in Kerr v. Screen Guild Extras, Inc., 526 F.2d 67 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). See generally Jordan, 815 F.2d at 1262-63; Miller, 827 F.2d at 620-21. It is an abuse of discretion for a district court to issue an order awarding attorney's fees which is devoid of any indication that these steps were followed. See Miller, 827 F.2d at 621 (district court erred in calculation of attorney's fees when it was unclear if court had calculated a lodestar figure prior to application of Johnson/Kerr factors); Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 838 (9th Cir.1982) (district court abused discretion where it awarded attorney's fees without considering Johnson/Kerr factors).
 
 
 17
 The district court awarded defendant's request for $29,779 in attorney's fees without an explanation of how it arrived at the reasonableness of that figure. There is no indication that it calculated a lodestar figure or considered the Johnson/Kerr factors. Remand is necessary so that the district court may calculate the fees according to the approach set forth in Jordan, 815 F.2d at 1262-63, and Miller, 827 F.2d at 620-21.
 
 
 18
 In addition, Patton specifically requested a hearing regarding his ability to pay if the district court should decide to impose attorney's fees. The court denied the request. We have never and do not now require a separate hearing on the question of ability to pay. However, in Miller, 827 F.2d at 621, we held that a district court should consider the financial resources of the plaintiff in determining the amount of attorney's fees to award to a prevailing defendant in a Sec. 1983 action. "(T)he award should not subject the plaintiff to financial ruin." Id. Nevertheless, "a district court should not refuse to award attorney's fees to a prevailing defendant ... solely on the ground of the plaintiff's financial situation." Id. at 621 n. 5. Despite Patton's request, there is no indication that the court considered Patton's financial ability to comply with a fee award of $29,779. On remand, the district court should consider Patton's financial circumstances as a factor in its award.
 
 CONCLUSION
 
 19
 We affirm the district court's holding that the action was frivolous. Defendant, as the prevailing party, may recover attorney's fees. We remand for (1) an explanation from the district court regarding its calculation of attorney's fees, including a determination of a lodestar amount, adjusted, if necessary, by relevant Johnson/Kerr factors, and (2) consideration of Patton's ability to pay the award as one factor in the court's calculation. Each party will bear its own fees and costs on appeal.
 
 
 20
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.