972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherry B. CALLAHAN; Jonathan E. Hughes, Plaintiffs-Appellants,
v.
Anthony P. BELLANTE; Beverly Westphal; Stephen E. Jensen,
et al Defendants-Appellees.
 No. 91-16220.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided Aug. 4, 1992.
 
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court carefully noted in its June 12, 1991, "Order Granting Motion to Dismiss" that, "Plaintiffs, perhaps justifiably, feel aggrieved at the treatment of Callahan in the underlying action. But anger, resentment and frustration are not alone adequate grounds for a lawsuit in federal court, particularly an untimely lawsuit." We agree, and conclude that Plaintiffs' § 1983 action was properly dismissed.
 
 
 3
 With respect to the county's intention to seek attorney's fees on this appeal, we have said that, "[a] prevailing civil rights defendant should be awarded attorney's fees 'not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.' " Patton v. County of Kings, 857 F.2d 1379, 1381 (9th Cir.1988) (quoting Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).
 
 
 4
 Defendants concede that Plaintiffs might have had a valid malicious prosecution action had the statute of limitations not barred their complaint. The court dismissed the action because it was filed after the statute of limitations had run, and made no specific finding that the complaint was frivolous. Attorney's fees are denied.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P.34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3