990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Edward PEBBLES, Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendants-Appellees.
 No. 92-16438.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 16, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael E. Pebbles, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of the defendant prison officials in his 42 U.S.C. § 1983 civil rights action. Pebbles alleges that the defendants violated his constitutional rights by temporarily denying Mireya Stemple, a former prison employee, visitation rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 Where prison regulations "contain substantive predicates and explicitly mandatory language," a prisoner may "reasonably form an objective expectation that visiting privileges will not be suspended without compliance with the applicable rules." Mendoza v. Blodgett, 960 F.2d 1425, 1431 & 1433 (9th Cir.1992), cert. denied, 113 S.Ct. 1005 and 1027 (1993). In determining what process is due this court will weigh a prisoner's private interest in visitation rights against the prison officials' interests in prison security. See id. at 1433. In addition, this court will allow prison administrators a "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Hewitt v. Helms, 459 U.S. 460, 472 (1983) (citation omitted).
 
 
 4
 The Arizona Department of Corrections Director's Management Order ("DMO") 89-21 allows the warden to suspend visitation privileges of a visitor who has "previous documented incidents introducing illegal contraband into an institution," DMO 89-21 § 5.3.1.2, or a visitor who is determined to constitute a threat to the security, or safe and orderly operation of the institution. DMO 89-21 § 5.3.2.1.
 
 
 5
 Stemple was initially denied the right to visit Pebbles, but she was informed of her right to appeal this decision to the warden. The defendants submitted evidence indicating that Stemple had misrepresented the nature of her relationship with Pebbles while she was an employee, and that she was suspected of introducing contraband into the prison. It is not unreasonable that prison officials may have initially considered Stemple a threat to security where she had so recently resigned as a prison employee and sought to visit an inmate.[1] Weighing Pebbles relatively minor temporary deprivation of visitation rights against the prison official's paramount concern for maintaining security indicates there was no due process violation. See Mendoza, 960 F.2d at 1433. In addition, Pebbles and Stemple currently do have visitation rights. Given these circumstances, we defer to the prison officials decision to briefly deny visitation rights between Pebbles and Stemple. See Hewitt, 459 U.S. at 472.
 
 
 6
 Pebbles next contends that the district court erred in denying his request for appointment of counsel. The district court will appoint counsel to represent indigent civil litigants only where there are exceptional circumstances. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980). Pebbles has failed to demonstrate exceptional circumstances warranting appointment of counsel in his civil rights action. Therefore the district court did not err in denying his request. See id.
 
 
 7
 The prison officials seek attorney's fees pursuant to 42 U.S.C. § 1988. Successful defendants in civil rights cases, however, are allowed to recover attorneys fees only upon a finding that plaintiff's action was frivolous, unreasonable or without foundation. Patton v. County of Kings, 857 F.2d 1379, 1381 (9th Cir.1988). Under this standard, we decline to award attorneys fees.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Pebbles argues that the defendants fabricated these allegations about Stemples, we find no evidence in the record supporting this claim. Pebbles's conclusory allegations are insufficient to withstand a motion for summary judgment. See Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989)