21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James A. HANSEN, Plaintiff-Appellant,
v.
STATE OF OREGON; City of Eugene, a municipal corporation;
John C. Wood, et al., Defendants-Appellees.
 No. 92-36557.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1994.
Decided March 25, 1994.
 
 Before: BROWNING, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 A. DENIAL OF MOTION TO COMPEL DISCLOSURE
 
 2
 The district court did not err in denying Hansen's motion to compel disclosure of the informant's identity. The plaintiff seeking disclosure under these circumstances must 1) make specific allegations that indicate the portions of the [affidavit] he claims are false, " U.S. v. Jaramillo-Suarez, 950 F.2d 1378, 1387 (9th Cir.1991), 2) contend the "alleged falsehoods were made deliberately or with reckless disregard for the truth," Id., 3) accompany the allegations with an "offer of proof" challenging "the veracity of the search warrant officer rather than the informant," Id. and 4) show that the "challenged statements are ... necessary to a finding of probable cause." Id.; see also U.S. v. Kiser, 716 F.2d 1268, 1271 (9th Cir.1983). Although the denials by Fisher and Mollerup cast doubt on Wood's veracity, the informant's statements alone were sufficient to establish probable cause. U.S. v. Ayers, 924 F.2d 1468, 1479 (9th Cir.1991) (Corroboration of details provided by informant and fact that he had given reliable information in the past supported inference that informant's information was reliable.); U.S. v. Yarbrough, 852 F.2d 1522, 1533 (9th Cir.1988) (Corroboration of details supported inference of informant's reliability). Even if, as Hansen contends, the statements regarding distribution of cocaine at the Christmas party were false, there is still no evidence Wood lied about hearing them from the informant. U.S. v. Stanert, 762 F.2d 775, 783 (9th Cir.1985) (Showing informant's information is false does not, without more, show the informant never provided the information or that the police included it in the affidavit in reckless disregard of the truth.); Kiser, 716 F.2d at 1271 ("[The party seeking disclosure of an informant's identity] must establish a negative--that the informant does not exist--or uncover the informant's probable identity and the text of his information, despite considerable government efforts to protect both.").
 
 
 3
 There was also no error in failing to make a record of the in camera hearing. Hansen did not make the evidentiary showing required to entitle him to such a hearing. U.S. v. Jaramillo-Suarez, 950 F.2d 1378, 1387 (9th Cir.1991) (Party who fails to make required preliminary showing not entitled to hearing on the need for disclosure). The hearing was conducted at the Defendants' suggestion, and Hansen did not request that it be recorded.
 
 B. ATTORNEY'S FEES
 
 4
 We deny the Defendants' request for attorney's fees under 42 U.S.C. Sec. 1988. "A prevailing civil rights defendant should be awarded attorney's fees not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." Patton v. County of Kings, 857 F.2d 1379, 1381 (9th Cir.1988). Hansen's action was not completely without foundation.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not repeat them