61 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael David CRILL, Plaintiff-Appellant,
v.
Ralph J. CAPAUL; Robert H. Beck; the City of Coeur D'Alene,
Idaho, Defendant-Appellees.
 No. 94-35395.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided July 13, 1995.
 
 1
 Appeal from the United States District Court for the District of Idaho, No. CV-92-00503-HLR; Harold L. Ryan, District Judge, Presiding.
 
 D. Idaho
 AFFIRMED
 
 2
 Before: BROWNING, WRIGHT, and T.G. NELSON, Circuit Judges
 
 
 3
 MEMORANDUM**
 
 
 4
 I. Deprivation of due process under the "stigma-plus" test
 
 
 5
 A. Theory 1 -- Liberty Interest in Occupation
 
 
 6
 To establish a due process violation as distinguished from a violation of state tort law, a defendant's statements must do more than make an employee less attractive to potential employers or indicate he is unable to get along with co-workers. See Hyland v. Wonder, 972 F.2d 1129, 1142 (9th Cir. 1992); Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093, 1101 (9th Cir. 1981). Instead, a defendant's remarks in connection with discharge from employment must contain accusations of moral turpitude such as the "type[] of charge[] of immorality, or dishonesty that can cripple an individual's ability to earn a living." Hyland, 972 F.2d at 1142; see Bollow, 650 F.2d at 1101.
 
 
 7
 The statements Crill attributes to the Defendants did not involve the requisite charges of moral turpitude. Accusations that Crill was a "troublemaker" and a "fanatic" are closely akin to charges that an employee is hostile to authority and difficult to get along with -- charges that we held not to be sufficiently stigmatizing in Gray v. Union County Intermediate Educ. Dist., 520 F.2d 803, 806 (9th Cir. 1975).
 
 
 8
 Capaul's assertion that Crill "formulated" his suit for wrongful discharge is most reasonably interpreted as Capaul's personal opinion as to the merits of Crill's suit rather than as an accusation of dishonesty based on facts known to Capaul. See Wulf v. City of Wichita, 883 F.2d 842, 870 (10th Cir. 1989) (finding statement by police chief that plaintiff's accusations of police misconduct were "not worth a damn" was "not tantamount to calling [the plaintiff] a liar" and therefore was not sufficiently stigmatizing to deprive him of due process).
 
 
 9
 Capaul's alleged statements regarding Crill's personal hygiene, although undoubtedly offensive, did not impugn Crill's morality or honesty. Capaul's accusation that Crill failed to care adequately for his children's hygienic needs is phrased as a speculative opinion based solely on Capaul's observations of Crill's own hygiene ("I would think it might have been ..."). A more direct accusation of misconduct would be required to so stigmatize Crill as to deprive him of his ability to pursue his occupation.
 
 
 10
 B. Theory 2 -- Denial of First Amendment Rights
 
 
 11
 Crill asserts that the Defendants' defamatory statements were made in retaliation for Crill's exercise of his First Amendment rights and therefore were connected with the denial of those rights. See Cooper v. Dupnik, 924 F.2d 1520, 1532 n.22 (9th Cir. 1991). However, as discussed below, see infra part II, retaliation by defamation does not deprive the victim of First Amendment rights. Accordingly, it does not establish a loss or injury in addition to damage to reputation and its attendant consequences, and the "plus" prong remains unsatisfied.
 
 
 12
 II. Deprivation of Crill's First Amendment rights
 
 
 13
 We have rejected the theory that defamation in retaliation for First Amendment activities constitutes a deprivation of that constitutional right. The Defendants' alleged defamatory statements did not affect Crill's "rights, benefits, relationship, or status with the state." Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1045 (9th Cir. 1994) (finding that a police officer's alleged retaliatory defamation of the plaintiff had not deprived her of her First Amendment rights because it damaged only her reputation). Any damage to Crill's reputation must be remedied in a state tort action. A contrary conclusion would effectively evade the Supreme Court's holding in Paul v. Davis, 424 U.S. 693, 701 (1976), that injury to reputation is not actionable under section 1983 unless accompanied by the loss of a more tangible interest. See Gini, 40 F.3d at 1045; see also Patton v. County of Kings, 857 F.2d 1379, 1381 (9th Cir. 1988) (characterizing plaintiff's claim that he had been defamed in retaliation for exercising his First Amendment rights as a "frivolous .... attempt to avoid the constricture of Paul").
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3