**Amin DAVID; Francisco Ceja; The Estate of Josie Montoya by and Through Jessica Castro, Administratrix, Plaintiffs—Appellants,**

v.

**Roger BAKER, Police Chief, of the Anaheim Police Department; Anaheim Police Department; City of Anaheim, Defendants—Appellees.**

No. 03–55736.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted March 7, 2005.*

Decided April 14, 2005.

David Haas, Esq., Anaheim, CA, for Plaintiffs–Appellants.

Jack L. White, Esq., Anaheim City Attorney's Office, Anaheim, CA, for Defendants–Appellees.

Before: BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

The district court dismissed with prejudice Plaintiffs' federal civil rights claims under 42 U.S.C. §§ 1983 and 1985(3) for failure to state a claim, Fed.R.Civ.P. 12(b)(6), and, alternatively, on the ground that Defendants are entitled to qualified immunity. Consequently, the district court also dismissed without prejudice Plaintiffs' supplemental state law claims.

We review *de novo* the dismissal of Plaintiffs' complaint and consider this case in the light of well-established Rule 12(b)(6) principles. We take Plaintiffs' factual allegations as true and construe the complaint in the light most favorable to Plaintiffs. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir.2002). Dismissal is proper "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*v. United States,* 781 F.2d 1334, 1337 (9th Cir.1986) (internal quotations and citations omitted). Moreover, "notice pleading" is sufficient in actions under § 1983 and § 1985. *Galbraith,* 307 F.3d at 1126.

Applying these standards, we find that Plaintiffs' complaint is sufficient to survive a motion to dismiss under Rule 12(b)(6). We read Plaintiffs' complaint as essentially alleging that, in retaliation for Plaintiffs' complaints of police misconduct, local police officials violated Plaintiffs' First Amendment rights to freedom of speech and to petition the government for redress of grievances by knowingly giving false testimony and intentionally defaming Plaintiffs in a closed-door session of the Anaheim City Council.

## I. Section 1983.

■ State action designed to retaliate against and obstruct or "chill" the exercise of First Amendment rights is actionable under § 1983. *Gibson,* 781 F.2d at 1338. Plaintiffs must allege that (1) Plaintiffs engaged in constitutionally protected conduct and (2) Defendants' conduct was retaliatory. Defendants may rebut Plaintiffs' allegation of a retaliatory motive by showing that Defendants *would* have engaged in the same conduct even in the absence of Plaintiffs' protected activities. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314–15 (9th Cir.1989). Plaintiffs must also allege (3) actual injury. *Laird v. Tatum,* 408 U.S. 1, 13–14, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972).

Plaintiffs' allegations satisfy the first element, *see White v. Lee,* 227 F.3d 1214, 1227 (9th Cir.2000), and the second element, *see Mt. Healthy,* 429 U.S. at 287, 97 S.Ct. 568; *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300–01 (9th Cir.1999) (stating that either "direct or circumstantial evidence" of intent is sufficient). Defendants are presently unable to satisfy their burden of rebutting Plaintiffs' allegations of retaliation because for purposes of Rule 12(b)(6) we take the allegations in the complaint as true and construe the facts in the light most favorable to Plaintiffs and against Defendants. Although it may be undisputed that Defendants had some legitimate motive—possibly even a duty—to meet with the city council to respond to Plaintiffs' complaints, that does not necessarily account for the full extent of Defendants' conduct as alleged in the complaint—both the unlawful conduct (e.g., intentional defamation) and the otherwise lawful conduct (e.g., conducting criminal background investigations). *See Mt. Healthy,* 429 U.S. at 283–84, 97 S.Ct. 568 (holding that the fact that a teacher lacked tenure and "could have been discharged for no reason whatever" was no bar to a retaliation action); *Soranno's Gasco,* 874 F.2d at 1315 (holding that suspending permits constituted actionable retaliation even though the defendants had the statutory authority to do so).

Plaintiffs also adequately plead actual injury. Although Plaintiffs' allegations of retaliatory defamation by a public official and damage to their reputations alone are not sufficient to state a claim under § 1983, *see Gini v. Las Vegas Metro. Police Dep't,* 40 F.3d 1041, 1045 (9th Cir. 1994); *Patton v. County of Kings,* 857 F.2d 1379, 1381 (9th Cir.1988), Plaintiffs also allege a deprivation of their First Amendment rights, which is sufficient, *White,* 227 F.3d at 1228–29. Plaintiffs' allegations that Defendants' conduct was intentionally tortious and was specifically intended to prevent a fair hearing of Plaintiffs' complaints support a claim that Defendants have erected unconstitutional barriers to the Plaintiffs' free exercise of their First Amendment right to petition their city council for redress of grievances. *See Northeastern Fla. Chapter of the Asso-*

*ciated Gen. Contractors of Am. v. City of Jacksonville, Fla.,* 508 U.S. 656, 666, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993); *Johnson v. Duffy,* 588 F.2d 740, 743–44 (9th Cir.1978); *see also Portman v. County of Santa Clara,* 995 F.2d 898, 907–08 (9th Cir.1993) (" 'Charges that carry the stigma of moral turpitude' such as dishonesty or immorality 'may implicate a liberty interest. . . .' "). Plaintiffs' allegations also support a claim of objective "chill." Although Plaintiffs themselves may not be deterred by Defendants' alleged conduct, intentional defamation by law enforcement officials in retaliation for First Amendment activities "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino,* 192 F.3d at 1300 (internal quotation marks and citation omitted).

The allegations that Plaintiffs were directly targeted and that Defendants' conduct was excessive and even intentionally tortious distinguish this case from *Laird,* 408 U.S. at 10, 92 S.Ct. 2318 (considering "the mere existence, without more, of a governmental investigation and data-gathering activity"), and *Alliance to End Repression v. City of Chicago,* 627 F.Supp. 1044, 1053 (N.D.Ill.1985) (considering the mere gathering of newspaper clippings). *See White,* 227 F.3d at 1231 (holding that an investigation "exceeded the bounds of reasonable governmental action"); *Riggs v. City of Albuquerque,* 916 F.2d 582, 584–85 (10th Cir.1990) (distinguishing *Laird* ). Also, as the district court correctly determined, Defendants are not themselves entitled to any First Amendment protection for their alleged conduct. Knowing and intentional defamation by government officials is not protected speech. *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *see also Alliance,* 627 F.Supp. at 1056 (holding that state officials have no legitimate reason to give false testimony to any investigating body).

## II. Section 1985(3).

Plaintiffs' allegation that Defendants acted with a racially discriminatory animus is clearly sufficient, and we have already determined that Plaintiffs adequately allege a deprivation of their First Amendment rights. The only outstanding issue is whether the intra-corporate conspiracy doctrine applies to Plaintiffs' § 1985 claim. We decline to reach the issue and leave it to the district court to consider it in the first instance. *See Portman,* 995 F.2d at 910.

## III. Qualified Immunity.

Having already determined that a constitutional violation could be found on the basis of Plaintiffs' allegations, we turn to the second inquiry in a qualified immunity analysis—whether, at the time of Defendants' actions, it was clearly established in a particularized sense that they were violating Plaintiffs' First Amendment rights. *See Brosseau v. Haugen,* —— U.S. ——, ——, 125 S.Ct. 596, 599, 160 L.Ed.2d 583 (2004). " 'The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' The relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

In *White v. Lee,* we held:

The fact that an investigation may have been initiated pursuant to statutory and regulatory authority does not . . . entitle the defendants to qualified immunity regarding the extent of the investigation and the manner in which it was conducted. It is the scope and manner of the investigation that the [government] offi-

cials should have known to be violative of the plaintiffs' First Amendment rights.

227 F.3d at 1239 (citation omitted). Along these same lines, the fact that Defendants had the lawful authority to initiate an investigation and testify before the city council in response to Plaintiffs' complaints does not entitle Defendants to qualified immunity regarding the extent of the investigation and the manner in which it was conducted. According to the complaint, Defendants knowingly gave false testimony and intentionally defamed Plaintiffs before the city council and specifically intended to obstruct or undermine Plaintiffs' ability to seek redress of their grievances and to intimidate Plaintiffs from filing future complaints. Assuming the truth of these allegations, Defendants are not entitled to qualified immunity, which protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

REVERSED AND REMANDED.