Chief Prentice Earl SANDERS; Espa-
nola Sanders; David R.L. Robinson;
Ramona L. McCane–Robinson, Plain-
tiffs—Appellants,

v.

CITY AND COUNTY OF SAN FRAN-
CISCO; City and County of San Fran-
cisco Board of Supervisors; Terence
Hallinan, and Does 1 through 100, De-
fendants—Appellees.

No. 05–15256.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed March 19, 2007.

Howard Moore, Jr., Esq., Oakland, CA, Charles A. Bonner, Esq., Sausalito, CA, William O. Davis, Esq., Old Station, CA, Charles Stephen Ralston, Esq., Law Offices of Charles Stephen Ralston, Berkeley, CA, for Plaintiffs–Appellants.

Dennis J. Herrera, Kimberly A. Bliss, Esq., San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellees.

Before: D.W. NELSON, COWEN *, and BERZON, Circuit Judges.

MEMORANDUM **

Prentice Earl Sanders, former chief of the San Francisco Police Department (SFPD), and David L. Robinson, the department's former deputy police chief, filed a complaint under 42 U.S.C. § 1983 against Terence Hallinan, former San Francisco District Attorney, as well as against the San Francisco Board of Supervisors and the City and County of San Francisco,[1] alleging that Hallinan violated their constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments when he (1) directed and participat-

ed in a criminal investigation against them, while lacking probable cause; (2) engaged in "malicious prosecution" by convening a grand jury and successfully indicting both men for obstruction of justice, again while lacking probable cause; (3) had Sanders and Robinson arrested after securing a grand jury indictment; and (4) made defamatory comments about both men to the local media. They also brought a claim under 42 U.S.C. § 1985, alleging that all of the defendants conspired to deprive them of their constitutional rights. Finally, the appellants brought ten separate state law claims.

We affirm the district court in part and vacate in part.

■ **1. *Investigation:*** The district court properly dismissed appellants' claim that Hallinan violated their constitutional rights when he directed and participated in a criminal investigation into Sanders's and Robinson's police department activities, despite lacking probable cause to do so. Appellants point to no case law that supports the proposition that probable cause must exist before an investigation can commence. That is not surprising, given that the impetus behind criminal investigations is to develop probable cause.

■ Moreover, appellants' rights were not violated when, as a result of the investigation that Hallinan directed, they were temporarily suspended from their SFPD positions. Sanders and Robinson were both "at will" employees of the city and county. *See* San Francisco Charter, art.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.
** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Appellants' briefs on appeal make no mention of the Board of Supervisors. Their causes of action against that governing body are therefore waived.

X, § 10.104 (1996).[2] As a result, neither had a constitutionally protected property interest in continued employment with the police department. *See Portman v. County of Santa Clara,* 995 F.2d 898, 905 (9th Cir.1993).

■ **2. *Prosecutorial immunity:*** The contention that Hallinan violated Sanders's and Robinson's constitutional rights when he engaged in "malicious prosecution" by convening a grand jury and securing an indictment despite lacking probable cause was properly dismissed. Prosecutors are entitled to absolute immunity when engaged in activities that are "intimately associated with the judicial phase of the criminal process." *See Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Burns v. Reed,* 500 U.S. 478, 493, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Hallinan's decision to convene a grand jury to indict Sanders and Robinson is such an activity, even if done while lacking probable cause. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 274 n. 5, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Genzler v. Longanbach,* 410 F.3d 630, 637 (9th Cir.2005); *Milstein v. Cooley,* 257 F.3d 1004, 1008 n. 3 (9th Cir.2001).

■ The comments Hallinan made before the grand jury are also within the scope of absolute prosecutorial immunity, because the statements were made as an advocate for the state, a core prosecutorial role. *See Kalina v. Fletcher,* 522 U.S. 118, 126, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997).[3] Sanders and Robinson contend that by employing the word "we" while arguing that "we"—meaning the prosecutors—

"have run into obstruction after obstruction," Hallinan became a complaining witness. Such word choice in the course of advocacy cannot turn a prosecutor into a witness and thereby deprive him of immunity. *Cf. Kalina,* 522 U.S. at 129–31, 118 S.Ct. 502 (holding that a prosecutor cannot "perform[ ] the function of a complaining witness" and be rewarded with absolute immunity, where the prosecutor provided sworn testimony to establish the grounds necessary for issuing an arrest warrant).

**3. *Defamation:*** The complaint alleges that Hallinan's defamatory comments (1) caused damage to their reputation and thus violated their rights under the First and Fourteenth Amendments; (2) caused damage both to their reputation and their employment interests and thus violated their rights under the Fourteenth Amendment; and (3) contributed to their temporary suspensions from the police department and, thus, gave rise to a First Amendment retaliation claim.

■ Hallinan is entitled only to qualified immunity for his comments to the press. *See Buckley,* 509 U.S. at 277–78, 113 S.Ct. 2606. Also, because Sanders was the only plaintiff who engaged in constitutionally protected speech, by speaking to the Mayor and the executive director of the Mayor's Council on Criminal Justice about Hallinan's "unethical proposals and solicitations," only Sanders can bring a claim under the First Amendment.

■ Damage to reputation alone is not actionable under § 1983 unless accompanied by injury to "some more tangible interests," *see Paul v. Davis,* 424 U.S. 693,

**2.** Given the public nature of this document, there is no need to act on appellee's motion that the panel take judicial notice of the city charter.

**3.** Similarly, "[p]reparing and filing an arrest warrant" are functions for which prosecutors enjoy absolute immunity. *See KRL v. Moore,* 384 F.3d 1105, 1110–11 (9th Cir.2004) (citing *Kalina,* 522 U.S. at 129, 118 S.Ct. 502). As a result, the district court correctly dismissed appellants' claim that Hallinan violated their constitutional rights by having them arrested.

701–02, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), and "the constricture of *Paul v. Davis* ... cannot be avoided by alleging that defamation by a public official occurred in retaliation for the exercise of a First Amendment right," *see Gini v. Las Vegas Metro. Police Dep't,* 40 F.3d 1041, 1045 (9th Cir.1994) (citing *Patton v. County of Kings,* 857 F.2d 1379 (9th Cir.1988)). Thus, the bare claim that Hallinan's statements damaged appellants' reputations was properly dismissed. Sanders and Robinson's claim that Hallinan's defamatory statements, considered in isolation, caused their temporary suspensions from the police department fares no better. At best, that claim sounds in procedural due process, *see Paul,* 424 U.S. at 701, 96 S.Ct. 1155, and Sanders and Robinson would be entitled only to notice and a name-clearing hearing, *see Gini,* 40 F.3d at 1044; *Bollow v. Fed. Reserve Bank of San Francisco,* 650 F.2d 1093, 1100–01 (9th Cir.1981). Appellants are not contesting the absence of such notice and hearings, so this claim fails.

■ That leaves only Sanders's claim that he was temporarily suspended from his position as police chief as a result of his decision to exercise his First Amendment rights by speaking to the Mayor and the executive director. To state a successful First Amendment retaliation claim, a plaintiff must "demonstrate, as a threshold matter, that he suffered an adverse employment action." *See Huskey v. City of San Jose,* 204 F.3d 893, 899 (9th Cir.2000). He must also allege that "[2] the speech at issue was constitutionally protected and [3] that the speech was a substantial motivating factor in the adverse employment action." *Id.*[4] We hold that Sanders should have been allowed to amend his complaint as to this cause of action, as it is conceiva-ble that he can state a proper claim if given the opportunity.

First, Sanders's temporary suspension from his position as police chief easily qualifies as an "adverse employment action." *See Coszalter v. City of Salem,* 320 F.3d 968, 975 (9th Cir.2003). Second, while Sanders cannot claim that Hallinan directly suspended him, "[t]he requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978); *see also Gilbrook v. City of Westminster,* 177 F.3d 839, 855 (9th Cir.1999) (holding that "a subordinate cannot use the nonretaliatory motive of a superior as a shield against liability if that superior never would have considered a dismissal *but for* the subordinate's retaliatory conduct") (emphasis added). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.,* 637 F.2d 1350, 1355 (9th Cir.1981); *see also Stevenson v. Koskey,* 877 F.2d 1435, 1438–39 (9th Cir.1989); *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir.1988).

At this early stage in the litigation, Sanders has not sufficiently pleaded that Hallinan's defamatory comments to the media "caused"—in the proximate cause sense of the word—his suspension. Specifically, Sanders has pleaded that

DA HALLINAN, by instituting the wrongful grand jury proceedings without probable cause and *by his other wrongful conduct alleged herein, caused* CHIEF SANDERS ... to be suspended from [his] public service as [a] leader[ ]

4. Appellees concede that Sanders's speech was constitutionally protected.

of the SFPD while the criminal charges were pending, and thus wrongfully deprived [him] of [his] public employment. (Emphasis added.)

We read the phrase—"his other wrongful conduct alleged herein"—to encompass Hallinan's defamatory comments to the press, actions for which he does not enjoy absolute immunity. In context, however, we read the word "caused" to mean not that Hallinan *directly* caused "some kind of direct personal participation" in Sanders's suspension, but that Hallinan's role was of the more indirect, "setting in motion" kind. *See Johnson*, 588 F.2d at 743. Because Sanders's complaint makes no allegation regarding "reasonable foreseeability" or what Hallinan did "know[ ] or reasonably should [have] know[n]" about what others would do in response to his defamatory statements, *see id.*, "it fails to state a claim" of this second variety, *see Gini*, 40 F.3d at 1044.

Although the district court dismissed appellants' federal claims without leave to amend, we vacate that order in part and remand with instructions that Sanders be granted leave to amend his complaint so as to properly allege the causation element of his First Amendment retaliation claim. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (explaining that "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts'" (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995))).

We note that even if Sanders appropriately amends his complaint, he still faces an uphill legal battle: He will have to prove not only that Hallinan acted with the requisite mens rea but also that the defamatory comments—separate and apart from all the other actions, such as the indict-

ment, for which Hallinan enjoys absolute immunity—played a "substantial" or "motivating" role in his suspension. *See Gilbrook*, 177 F.3d at 853.

**4. *Municipal Liability:*** With respect to appellants' causes of action against the remaining defendant, the City and County of San Francisco, we affirm the district court judgment in part and vacate it in part.

■ When deciding whether to prosecute an individual, a district attorney in California acts not as an officer of the city or county, but as an officer of the state. *See Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000). The City and County of San Francisco thus cannot be held liable for Hallinan's decision to convene a grand jury, to secure an indictment against appellants, and subsequently to have them arrested. Because no constitutional violation arose from Hallinan's decision to focus an investigation on Sanders's and Robinson's activities within the SFPD or from Hallinan's defamatory comments considered in isolation, these claims against the City and County of San Francisco were also properly dismissed.

■ Our decision to allow amendment with regard to Sanders's First Amendment retaliation claim against Hallinan also leads us to do the same with regard to the City and County of San Francisco. While a municipality generally may not be held liable under § 1983 for the torts of its employees, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), "liability may ... attach 'even for an isolated constitutional violation ... when the person causing the violation has final policymaking authority,'" *Botello v. Gammick*, 413 F.3d 971, 979 (9th Cir.2005) (citing *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir.2003)).

Appellants pleaded that Hallinan had final policymaking authority over all conduct alleged in the complaint. *Weiner* held that under California law, a district attorney acts as a county officer for some administrative, non-prosecutorial purposes. *Id.* at 1030–31. In *Botello,* we held that such "administrative acts," performed "outside the scope of absolute immunity," included a prosecutor's retaliatory conduct against the plaintiff in that case—specifically, conduct that involved calling the plaintiff's new employer and making "false allegations about [plaintiff's] character and performance at his previous job." 413 F.3d at 974, 979. Here, similarly, the pleadings adequately allege that Hallinan's defamatory statements were made in his capacity as a final policymaking authority for the county.

In light of our decision to grant Sanders leave to amend his complaint with respect to his First Amendment retaliation claim, we vacate the district court's decision to dismiss Sanders's First Amendment retaliation claim against the City and County of San Francisco. Assuming that Sanders properly pleads his First Amendment retaliation claim against Hallinan on remand, the same claim can proceed against the City and County.

■ **5. *Other Claims:*** The district court properly dismissed Sanders and Robinson's claim that defendants conspired to violate their civil rights and, thus, violated § 1985. Appellants never alleged in their complaint that the conspirators acted with the requisite "racial, or perhaps otherwise class-based, invidious discriminatory animus." *See Butler v. Elle,* 281 F.3d 1014, 1028 (9th Cir.2002) (citing *Bray v. Alexandria Women's Health Clinic,* 506

U.S. 263, 267–68, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993)).

The district court originally dismissed appellants' ten state law claims without prejudice after dismissing their federal claims. *See* 28 U.S.C. § 1367(c)(3). In light of our decision to partially vacate the district court's order to give Sanders leave to amend his complaint, we also vacate the district court's order to dismiss the state law claims without prejudice, and remand the matter so that the district court may again decide whether to exercise supplemental jurisdiction over the state law claims. We note that the district court may well again decline to do so, as the four named appellants [5] have brought a wide range of state law claims that have little relationship to the sole surviving federal cause of action against Hallinan and the City and County of San Francisco. *Id.* § 1367(c)(2).

**AFFIRMED in part; VACATED in part; REMANDED.**

Each party shall bear its own costs.

---

5. Appellants Espanola Sanders and Ramona L. McCane–Robinson are only parties to one

of the state law claims.