

FILED

**NOT FOR PUBLICATION**

JUN 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD KELTER, Individually and as Trustee of the Richard Kelter Trust Dated June 30, 2004,<br><br>            Plaintiff - Appellee,<br><br>  v.<br><br>ASSOCIATED FINANCIAL GROUP, INC.; et al.,<br><br>            Defendants - Appellants,<br><br> and<br><br>JEFFREY A. FORREST; et al.,<br><br>            Defendants. | No. 09-55429<br><br>D.C. No. 8:07-cv-01170-AG-RNB<br><br>MEMORANDUM \* |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted April 8, 2010
Pasadena, California

---

  \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: D.W. NELSON and REINHARDT, Circuit Judges, and WHALEY, Senior District Judge.[**]

At the district court, Appellee brought several securities fraud claims against Appellants and other defendants related to the collapse of his investments in an equity fund named APEX Equity Options Fund, LP. Appellee alleged that defendant Jeffrey Forrest (not party to this appeal) fraudulently misrepresented the nature and risks of the APEX Fund, and that Appellants Associated Financial Group, Inc. ("AFG"), Associated Securities Corp. ("ASC") and Associated Planners Investment Advisory, Inc. ("APIA") (collectively, "Associated Defendants"), were liable as Forrest's principals. The district court granted the Associated Defendants summary judgment on January 14, 2009. On January 28, 2009, the Associated Defendants moved for attorneys' fees and costs under the Private Securities and Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(c), arguing that Appellee lacked sufficient factual and legal bases for naming the Associated Defendants in his First Amended Complaint. (ER 248-69). The district court found the matter appropriate for decision without oral argument and denied the motion on February 20, 2009. (ER 007-08). The district court found that the Associated Defendants failed to timely serve its motion for fees on Respondent before filing and therefore failed to allow Respondent twenty-one days to withdraw

[**] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

the challenged paper, as required by Fed. R. Civ. P. 11(c)(2). (ER 007). The district court also found "no indication that [Respondent]'s actions were frivolous, unreasonable, objectively baseless, or brought for an improper purpose." (ER 008).

Appellants challenge both grounds on which the district court denied their motion for fees, arguing that the district court erred in applying Rule 11's safe harbor provision and in determining that Rule 11 sanctions were unwarranted. Because we affirm the district court's substantive ruling that Appellee's actions were not frivolous, unreasonable, objectively baseless, or brought for an improper purpose, we decline to reach the question of whether the district court improperly applied Rule 11's safe harbor provision.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review a district court's decision to deny attorneys' fees for an abuse of discretion. A trial court abuses its discretion if its ruling on a fee motion is based on an inaccurate view of the law or a clearly erroneous finding of fact.... Factual findings underlying the district court's decision are reviewed for clear error." *Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002) (internal citations omitted). Courts reviewing a motion for sanctions under Rule 11 apply a reasonable inquiry test, which "is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate v. Baldwin*, 425

F.3d 671, 677 (9th Cir. 2005). When a complaint is at issue, "'a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'" *Id.* at 676 (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). "As shorthand for this test, we use the word 'frivolous' 'to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry.'" *Id.* (quoting *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 434 (9th Cir. 1996)). The reasonableness standard governing a Rule 11 inquiry is objective. *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

Appellants argue that Respondents' factual and legal investigation was deficient in numerous respects. Reviewing all of these alleged deficiencies as a whole, we cannot say that the district court abused its discretion in finding that "this situation is not one of the 'rare and exceptional' cases that warrant the extraordinary remedy of Rule 11 sanctions." (ER 008, quoting *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)). Appellants liken this case to *In re Connetics*, 542 F. Supp. 2d 996, 1005-06 (N.D. Cal. 2008), where plaintiffs relied solely on an SEC complaint and press release as the basis for their claims. We disagree. In addition to a newspaper article Appellee discovered characterizing ASC as defendant Forrest's principal for the sale of

APEX, Appellee's counsel investigated their client's files and found letterhead suggesting an agency relationship between Forrest and both ASC and APIA. Moreover, Appellee's investigation turned up a corporate relationship between both entities and AFG, but without discovery the precise nature of the relationship was impossible to determine. Had Appellee not stipulated to dismissal of AFG and APIA after discovery revealed no basis for their liability, an award of fees might well have been appropriate. *See, e.g., Edgerly v. City and County of San Francisco*, — F.3d —, 2010 WL 986764 at *11 (9th Cir. 2010) (affirming an award of post-discovery fees where a plaintiff failed to dismiss a defendant after discovery confirmed no basis for liability). However, the fact that Appellee did voluntarily dismiss those entities supports the district court's finding that the Second Amended Complaint ("SAC")'s allegations were made in good faith based on the information available to Appellee at that time.

Also, the facts known to Appellee and pled in the SAC support a good faith argument that ASC may have been vicariously liable for Forrest's alleged misrepresentations. There was no dispute that Forrest was ASC's agent for purposes other than selling APEX, and Forrest represented himself as an ASC agent (through his letterhead and business cards) in his dealings with Appellee regarding APEX. Though Appellee's arguments did not prevail (and he failed to raise the more meritorious argument under 15 U.S.C. 78t(a) that he now raises on

appeal), we do not find his arguments to constitute the kind of objectively baseless claims that have previously been the subject of fee awards. *See, e.g., Patton v. County of Kings*, 857 F.2d 1379, 1381-82 (9th Cir. 1988) (affirming an award of fees where a plaintiff raised one claim that was directly contrary to established precedent, and a second claim without citing any authority in support).

Likewise, Appellee's argument with respect to the time-barred claims was objectively reasonable, even if it was contrary to the cases on which the district court relied. *See Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) ("Forceful representation often requires that an attorney attempt to read a case or an agreement in an innovative though sensible way. Our law is constantly evolving, and effective representation sometimes compels attorneys to take the lead in that evolution."). Again, Appellee failed to make what would have been his best argument (one under the "inquiry-plus-reasonable-diligence test" recently adopted in *Betz v. Trainer Wortham & Co., Inc.*, 519 F.3d 863, 876 (9th Cir. 2008)), but he nonetheless asserted a position that has been accepted by the Ninth Circuit under different facts. Therefore, we conclude that Appellee did not engage in the kind of egregious conduct that would require reversal of the district court's denial of fees.

**AFFIRMED.**